UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE SEPULVEDA, et al.,** | : | |
| Plaintiffs | : | No. 1:14-CV-00789 |
| vs. | : | (Judge Kane) |
| **WARDEN DAVID EBBERT, et al.,** | : | |
| Defendants | : | |

ORDER

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss and/or for summary judgment (Doc. 34) is **GRANTED IN PART** and **DENIED IN PART** as set forth below.

2. Plaintiffs' claims for damages against the Defendants, including the "John Doe" Defendants, in their official capacities are **DISMISSED**.

3. Plaintiffs' claims under the Eighth Amendment against all of the Defendants, including the "John Doe" Defendants, are **DISMISSED** without leave to file an amended complaint.[1]

---

1. In light of the court's discussion (Section IV, A, 3 of the accompanying memorandum) of the Eighth Amendment claims and law relating thereto, the court concludes it would be inequitable and futile to permit Plaintiffs to file an amended complaint relating to the Eighth Amendment claims. See Fletcher-Harlee Corp. V. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4. Plaintiffs' Fourth Amendment claims for compensatory damages against all of the Defendants are **DISMISSED** without leave to file an amended complaint.[2]

5. Plaintiffs Fourth Amendment claims both for nominal and punitive damages and injunctive relief against Defendants Ebbert, Oddo, Miller, Lindsay, Alvaro and Kaszuba are **DISMISSED** with leave to file an amended complaint within 21-days of the date hereof.[3]

6. The motion of Defendants Ficken, Rosencrance, Rosler and Burgh for summary judgment in their favor with respect to Plaintiff's Fourth Amendment claims is **DENIED**.

7. All discovery shall be completed within ninety (90) days of the date of this order.

8. Any further dispositive motions shall be filed within thirty (30) days of the close of discovery.

9. Plaintiffs are granted 90 days from the date

---

2. The Plaintiffs in their complaint, brief in opposition to Defendants' motion to dismiss and/or for summary judgment, counterstatement of material facts and declarations never indicated that they suffered physical injury. Consequently, the court concludes that it would be inequitable and futile to permit Plaintiffs to file an amended complaint asserting a Fourth Amendment claim for compensatory damages. Id.

3. The Fourth Amendment claims for nominal and punitive damages are dismissed because of the lack of sufficient allegations of personal involvement of the Defendants Ebbert, Oddo, Miller, Lindsay, Alvaro and Kaszuba in the complained of conduct. The court cannot conclude that permitting Plaintiffs to file an amended complaint relating thereto would be inequitable or futile.

of this order in which to properly identify the John Doe defendants.  If Plaintiffs fail to timely identify those defendants, they shall be dismissed from this action.

                        S/ Yvette Kane
                        Yvette Kane
                        United States District Judge

Date: March 3, 2016